UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
NOEL CEDENO,                          : CASE NO. 1:20-CV-02659
                                      :
      Plaintiff,             :
                                      :
vs.                                   : OPINION & ORDER
                                      : [Resolving Doc. No. 1]
OHIO ATTORNEY GENERAL,                :
OFFICE, et al.,                       :
                                      :
      Defendants.            :
                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Noel Cedeno filed a document titled "Motion to Court Asserting My Rights and Restitution Act 18 U.S.C. § 3663(A) and 18 U.S.C. 3771" naming the Ohio Attorney General"s Office, the Ohio Department of Rehabilitation and Correction ("ODRC"), and Attorney Mary Anne Reese. Although Cedeno was convicted in 2014 of the rape of two young girls under the age of thirteen,[1] for which he is currently serving two consecutive life sentences, he contends technical irregularities in his indictment and errors in the charging process render him the victim of these crimes. He claims he is entitled to restitution from the State of Ohio and release from prison.

**I. Background**

In 2011, Cedeno was named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen. The original indictment and two subsequent

---

[1]     *See Cedeno v. Gray*, No. 1:17 CV 949 (N.D. Ohio Dec. 16, 2019)(Lioi, J.)

indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses. Cedeno was ultimately re-indicted in August 2012 under Cuyahoga County Common Pleas Court Case No. CR–12–564978 with eleven charges, that included importuning, two counts each of gross sexual imposition, rape, and kidnapping, and one count of attempted gross sexual imposition. Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions. In September 2013 and during the pretrial stages of this case, another victim under the age of thirteen came forward alleging that Cedeno raped her. As a result, Cedeno was charged under Case No. CR–13–580862 with one count of rape and kidnapping. Each count contained various specifications, and notices of prior convictions. Case Nos. CR–12–564978 and CR–13–580862 were consolidated without objection. He waived his right to a jury trial. He was convicted in Case No. CR–12–564978, of gross sexual imposition of a child under the age of thirteen, rape of a child under the age of thirteen, kidnapping a child under the age of thirteen with a sexual motivation specification, and attempted gross sexual imposition. He was convicted in Case No. CR–13–580862 of rape of a child under ten years old and kidnapping. Cedeno was sentenced to two consecutive life sentences on December 2, 2014. He pursued direct appeals[2] and a federal habeas corpus action under 28 U.S.C. § 2254[3], but he did not receive reversal of his convictions or sentences.

Cedeno has now filed this civil action under two federal statutes providing for victim's rights in federal criminal cases, and victim restitution in federal criminal cases.[4] He claims the charging process was defective because they did not originate in Municipal Court and as a result he did not receive a hearing in front of a magistrate to determine the presence of probable cause.

---

[2] *State v. Cedeno*, No. 102327, 2015 WL 9460555, at *1–8 (Ohio Ct. App. Dec. 24, 2015).
[3] *Cedeno v. Gray*, No. 1:17 CV 949 (N.D. Ohio Dec. 16, 2019)(Lioi, J.).
[4] 18 U.S.C. § 3663(A) and 18 U.S.C. 3771

2

Instead, the charges were presented directly to the grand jury which issued indictments. He contends the grand jury has the right to determine the charges on its own without the influence of the prosecutor. He claims the prosecutors engaged in misconduct by proceeding with the criminal prosecution, knowing victim's statements had not be filed, there was no warrant for his arrest, and no criminal complaint. He contends that based on these circumstances, he is the victim in this scenario, and is therefore entitled to monetary restitution from the State of Ohio and release from prison.

## II. Standard of Review

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[5] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[6] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[7] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of

---

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[6] *Neitzke*, 490 U.S. at 327.
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[8] *Id.* at 678.

3

action will not meet this standard.[9] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [10]

### III. Analysis

Cedeno's claims are frivolous and fail to state a claim upon which relief may be granted. As an initial matter, the two statutes upon which he relies to establish this Court's federal subject matter jurisdiction, 18 U.S.C. § 3663(A) and 18 U.S.C. 3771, apply to victims of federal crimes that are being prosecuted in federal court. Cedeno is not the victim of a federal crime being prosecuted in federal court. These statutes are clearly inapplicable and Cedeno has failed to establish a colorable basis for this Court's subject matter jurisdiction.

Moreover, it is apparent that having exhausted his direct appeals and his remedies under federal habeas corpus, Cedeno is attempting to collaterally attack his convictions and obtain release using other federal statutes. To the extent this action could liberally be construed as a civil rights action under 42 U.S.C. § 1983, it would fail. To obtain release from prison, his sole remedy is habeas corpus.[11] The fact that he already filed a habeas petition and was unsuccessful in obtaining release does not open other avenues for relief. He would have to obtain permission to proceed with a second or successive habeas petition from the United States Sixth Circuit Court of Appeals.[12] To obtain damages for a wrongful or unlawful conviction, he must first plead and prove that his conviction was reversed or set aside.[13] That is not the case here. Cedeno's pleading would fail to state a claim for relief even under 42 U.S.C. § 1983.

---

[9] *Id.*
[10] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[11] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).
[12] 28 U.S.C. § 2244(b)(3)(A).
[13] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[14]

IT IS SO ORDERED.

      s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[14] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5